IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | | |
|---|---|---|
| EARNEST LEE WALKER, JR., #80027 | * | |
| Petitioner, | * | |
| v. | * | 2:07-CV-947-MEF |
|  |  | (WO) |
| STATE OF ALABAMA, *et al.*, | * | |
| Respondents. | * | |

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This cause of action is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Petitioner, Earnest Walker ["Walker"], on October 23, 2007. In his petition, Walker seeks to challenge his convictions for two counts of first degree kidnapping entered against him by the Circuit Court for Montgomery County, Alabama, on October 1, 2007.

Upon review of the petition, the court concludes that the instant habeas corpus action should be dismissed because Walker has failed to exhaust available state remedies. Specifically, Walker indicates that he filed a direct appeal of his convictions and said appeal is pending in the Alabama Court of Criminal Appeals. Walker, therefore, has failed to exhaust available state remedies with regard to the claims he seeks to present in this court.

**DISCUSSION**

The law is clear that a petition for writ of habeas corpus filed by "a person in custody

pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State . . ." 28 U.S.C. § 2254(1)(b)(1)(A). It is clear from the petition filed herein that Walker has not yet exhausted his available state court remedies with respect to each claim presented in the instant habeas petition. This court does not deem it appropriate to rule on the merits of Walker's claims for relief without first requiring that he exhaust state remedies. *See* 28 U.S.C. § 2254(1)(b)(2).

In light of the foregoing, the undersigned concludes that the petition for habeas corpus relief should be dismissed without prejudice so that Walker can pursue his available state court remedies.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief be DISMISSED without prejudice to afford Petitioner an opportunity to exhaust all available state court remedies.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **November 28, 2007**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 14th day of November 2007.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE