CASE: 2:07-CV-00947-MEF-WC

2007 NOV 30 A 9:53

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

EARNEST LEE WALKER JR, *
*
PETITIONER, *
V *
*
STATE OF ALABAMA, et al.

Comes now THE, DEFENDANT, EARNEST LEE WALKER JR, (PRO-SE) AND ACTing AS His own ATTORNEY will show This Hon. COURT, JUST CAUSE, why His Motion for HABEAS CORPUS RELIEF Should be GRANTED. THE DEFENDANT will Show JUST CAUSE, Why HE CANT EXHaust His AVAILABLE STATE Remedies on THE Grounds THAT THE Circuit court of Montgomery county, ALABAMA INFormed THE Defendant THAT on His Appeal His App. Trial Counsel is not permitted To withdraw on Appeal. [SEE EXHITIB A], THE Circuit Court Judge will Not allow the Defendant To fire His Attorney And To Be Appointed New Counsel. IT is THE DEFENDANT Right If it Appears That The petitioner IS Indigent OR otherwise unable To obtain The assistance of Counsel And Desires The Assistance of counsel, AND IT further Appears

OR PROTECT THE Rights of the PETITIONER, THE COURT Shall Appoint COUNSEL. THIS WILL Allow the DEFENDANT [DUE PROCESS OF THE LAW AND EQUAL PROTECTION OF THE LAW, TO A FAIR AND SPEEDY TRIAL. [6 UNITED STATES Constitution AMENDMENT. [SEE EXHIBIT B], THAT THE DEFENDANT HAVE ENCLOSED TO SHOW THAT THE HONORABLE, EUGENE W. REESE, CIRCUIT COURT JUDGE WOULD NOT ALLOW THE DEFENDANT TO FIRE HIS ATTORNEY, AFTER HE HAD FILED MANY COMPLAINTS ON HIM WITH THE ALABAMA STATE BAR. ATTORNEY - GARY L. STEPHENS WITHHELD DEFENDANT PRE-SENTENCE INVESTIGATION FORM/APPLICATION. ALSO [SEE EXHIBIT B], ATTORNEY - GARY L. STEPHENS STATED HE TRYED TO GET DEFENDANT TO fill-out THIS PAPER WORK (3) DAYS AFTER HE WAS SENTENCE. THE DEFENDANT CASE IS AT A STAND STILL IN THE COURT OF CRIMINAL APPEALS, BECAUSE THE CIRCUIT COURT JUDGE WILL NOT ALLOW THE DEFENDANT ATTORNEY TO WITHDRAW ON HIS APPEAL, IN VIOLATION OF HIS RIGHT TO A FAIR TRIAL. ALL PARTIES NO THAT THE DEFENDANT IS NOT GUILTY. THE DEFENDANT HAVE THE RIGHT TO COUNSEL, WHICH HE IS BEING DENIED. DEFENDANT APPEAL WILL NOT MOVE FORWARD WITHOUT COUNSEL, ONE IS NEED TO FILE THE DEFENDANTS BRIEF ETC. DEFENDANT DON'T HAVE AND NEED COUNSEL TO EXHAUT HIS AVAILABLE STATE REMEDIES. THE DEFENDANT BELIEVES THAT IT IS AGAINST EVER LAW IN THIS LAND FOR THE HON. JUDGE, EUGENE W. REESE, CIRCUIT COURT JUDGE TO ORDER THAT DEFENDANT KEEP HIS SAME ATTORNEY ON APPEAL, THIS VIOLATES HIS RIGHT TO A FAIR TRIAL, WITHHOLDING EVIDENCE, ALLOWING STATE TO WITHHOLD EVIDENCE, USING THE N WORD, WAVING DEFENDANT RIGHT TO PLEA HEARING, PRE-TRIAL, PRELIMARY, STATUS HEARING, WHICH IS A VIOLATION OF HIS RIGHT TO DUE PROCEES, ETC. [ALL VIOLATIONS OF THE DEFENDANT CIVIL AND STATE RIGHTS, THE DEFENDANT, REQUESTS RELIEF IN THIS MATTER FROM THIS HONORABLE COURT. THE PARTIES INVOLVED WONT TO KEEP THIS A CLOSE NET CASE OF MISJUCTIC, ILLEGAL ARREST, ILLEGALLY CHARGED, AND THE WITHOLDING AGAINST THE DEFENDANT'S WILL;

# CERTIFICATE OF SERVICE

I' HEREBY CERTIFY THAT ON THIS 27th OF NOVEMBER, 2007, I SERVED A COPY OF THE FOREGOING ON, ALABAMA COURT OF CRIMINAL APPEALS, ALABAMA ATTORNEY GENRAL OFFICE, JUDGE-EUGENE W. REESE, CIRCUIT COURT JUDGE, THE UNITED STATES DISTRICT COURT, BY PLACING THE SAME IN THE UNITED STATES MAIL, POSTAGE PREPAID AND ADDRESSED AS FOLLOWED:

ADDRESS OF PRO-SE/COUNSEL
EARNEST LEE WALKER, JR,
M.C.D.F.
P.O. BOX 4599
MONTGOMERY, ALABAMA 36103
BOOKING # 80027

ALABAMA COURT OF CRIMINAL APPEAL
STATE OF ALABAMA
300 DEXTER AVENUE
P.O. BOX 301555
MONTGOMERY, ALABAMA 36130-1555

STATE OF ALABAMA
OFFICE OF
ATTORNEY GENERAL
11. SOUTH UNION STREET
MONTGOMERY, ALABAMA 36135-0152

HON. EUGENE W. REESE/CIRCUIT JUDGE
CLERK OFFICE
MONTGOMERY COUNTY CIRCUIT COURT
251 SOUTH LAWRENCE STREET
MONTGOMERY ALABAMA 36104

THE UNITED STATE DISTRICT COURT
MIDDLE DISTRICT
POST OFFICE BOX 711
MONTGOMERY, ALABAMA 36101

Earnest Lee Walker Jr. (pro-se)
EARNEST LEE WALKER JR.
NOVEMBER 27, 2007

Walker #80029
M.C.D.F.
P.O. Box 4[illegible]
Montgomery, Alabama 36103

3/2

MONTGOMERY
29 NOV 2007
USA 41

The United States District Court
Middle District
Post Office Box 711
Montgomery, Alabama 36101

INMATE MAIL

36101+0711

Lowndes B (EXHITIB A)

ACR371

ALABAMA JUDICIAL DATA CENTER
NOTICE OF APPEAL TO THE ALABAMA COURT OF CRIMINAL APPEALS
BY THE TRIAL COURT CLERK
IN THE CIRCUIT COURT OF MONTGOMERY COUNTY

STATE OF ALABAMA VS WALKER ERNEST LEE JUDGE: EUGENE W. REESE

APPEAL DATE: 10/11/2007

INDIGENCY STATUS:

| | YES | NO |
|---|---|---|
| GRANTED INDIGENCY STATUS AT TRIAL COURT: | X | |
| APP. TRIAL COUNSEL PERMITTED TO W/D ON APPEAL: | | X |
| INDIGENT STATUS REVOKED ON APPEAL: | | X |
| INDIGENT STATUS GRANTED ON APPEAL: | X | |

DEATH PENALTY: NO

APPEAL TYPE: STATE CONVICTION

THIS IS AN APPEAL FROM A CONVICTION.

DATE OF CONVICTION: 10/01/2007 DATE OF SENTENCE: 10/25/2007

YOUTHFUL OFFENDER STATUS: DENIED

CO/CASE NUMBER: 03/CC 2007 000758.00

CODE: KID1 CONVICTION: KIDNAPPING 1ST D ACTION: CONVICTED STATUTE: 13A-006-043

CODE: KID1 CONVICTION: KIDNAPPING 1ST D ACTION: CONVICTED STATUTE: 13A-006-043

SENTENCE: CONF: 00 YRS 00 MOS 000 DAYS
SENTENCE: PROB: 00 YRS 00 MOS 000 DAYS LIFE: YES LIFEWO: NO

| POST-JUDGMENT MOTIONS FILED: | DT FILED | DT DENIED | CON BY AGREE |
|---|---|---|---|
| ___ MOTION FOR NEW TRIAL | | | |
| ___ MOTION FOR JUDG. OF ACQUIT | | | |
| ___ MOTION TO W/D GUILTY PLEA | | | |
| ___ MOTION FOR ATTY TO W/DRAW | | | |
| ___ OTHER ________ | | | |

COURT REPORTER(S): BONNETT, JACQUELINE F. (
ADDRESS: C/O HON. EUGENE W. REESE
MONTGOMERY , AL 36104

APPELLATE COUNSEL #1: STEPHENS GARY LANE
ADDRESS: 7027 HALCYON PARK DRIVE
MONTGOMERY , AL 36117
PHONE NUMBER: 334-279-0172
EMAIL ADDRESS:

APPELLATE COUNSEL #2: Lowndes
ADDRESS:

PHONE NUMBER:
EMAIL ADDRESS:

APPELLANT (PRO SE): WALKER ERNEST LEE
ADDRESS: 235 VILLAGE CIR
FT DEPOSIT , AL 360320000
AIS #: P0079147

Lowndes MCDF

APPELLEE (IF CITY APPEAL):
ADDRESS:

I CERTIFY THAT THE INFORMATION PROVIDED ABOVE IS ACCURATE TO THE BEST OF MY KNOWLEDGE AND I HAVE SERVED A COPY OF THIS NOTICE OF APPEAL ON ALL PARTIES TO THIS ACTION ON THIS 2 DAY OF Nov, 2007

OPERATOR: REW
PREPARED: 11/02/2007

Melissa Rittenour
CIRCUIT COURT CLERK

settled. Judge Reese had the rest of the week open and due to the fact that Mr. Walker was incarcerated in the Montgomery County Jail and that the case was previously set for trial on Monday, September 24, 2007, he wanted to try the case.

After receiving this call I traveled to the Montgomery County Jail to inform Mr. Walker of the new trial date and new judge. I also informed him that I was attempting to locate and contact the witnesses we planned to call. Mr. Walker was a bit concerned over the short amount of notice we were given, but understood what was going to occur. After consulting with Mr. Walker I met with the district attorney and we discussed the difficulty in contacting witnesses and being prepared for trial the following morning.

All parties appeared in court on Wednesday, September 25, 2007, however, both the district attorney and defense counsel were having a difficult time locating witnesses on such short notice. (All witnesses had been released on September 20, 2007 due to the fact that the case was to be reassigned.) It was agreed that the case would be heard on Monday, October 1, 2007.

I went to met with Mr. Walker in the county jail on Thursday, September 27, 2007 at which time Mr. Walker informed me that he did not want me to represent him any further. I informed him that I would let Judge Reese know of his wishes, but that due to the fact that I had been appointed by the court I did not believe, at this late stage, that Judge Reese would release me and appoint new counsel.

After leaving the county jail I contacted Judge Reese's office and informed his office of Mr. Walker's wishes. Judge Reese was out of the office and his staff stated they would inform him of Mr. Walker's request and contact me on Friday, September 28, 2007.

On the morning on Friday, September 28, 2007, I was contacted by Judge Reese's office and informed that Judge Reese would not allow Mr. Walker to pick and choose his appointed counsel. Further, if Mr. Walker wanted to retain counsel he was more than welcome to do so as long as they were prepared to go to trial on Monday, October 1, 2007. I then traveled to the Montgomery County Jail and informed Mr. Walker of Judge Reese's position. Mr. Walker again stated that he did not want me to represent him any longer. I told him he could retain new counsel but I would be present and prepared for trial on Monday, October 1, 2007.

I spent the weekend preparing for trial. I was present Monday, October 1, 2007 when the case was called for trial. Judge Reese informed Mr. Walker that he could either allow me to represent him or he could represent himself. Mr. Walker said he wanted me to represent him. The case preceded to trial by jury and Mr. Walker was found guilty of 2 counts of kidnapping in the first degree. The district attorney dropped the count of aggravated stalking. A sentencing date was set for Thursday, October 25, 2007.

On Thursday, October 28, 2007 I traveled to the Montgomery County Jail in and attempt to consult with Mr. Walker and have him fill out a Pre-Sentence Investigation form/application. This form is used by the court to determine if probation is appropriate. Mr. Walker refused to meet with me and refused to fill out the form. Upon leaving the

SEE COURT TRANSCIPT THERE IS NEVER A Mention of me agreeing TO Allow, ATTorney - STephens TO BE my ATTorNEY. I WAS ORDER THAT I WAS going TO TRiAL

AT THAT TIME THE DEFENDANTS witnesses Showed up. THE plain-TIFF And HER witnesses did NOT Show up.

THE DEFENDANT HAD ALREADY MADE ABOUT FOUR complaints to THE ALABAMA STATE BAR ON MY ATTORNEY.

THE DEFENDANT WAS TOLD by His Attorney THAT HE BET HE DONT GET Another ATTorney!

Why would A Attorney come And bring me Some Paper to Sign After I HAD BEEN SENTENCE On the 25th. THESE ARE His OWN Words. OCT, 28, 2007 WAS ON A Sunday!

NOT Stalking